David H. Griggs, OSB No. 98243
e-mail: dgriggs@dolangriggs.com
DOLAN GRIGGS LLP
1130 S.W. Morrison, Suite 630
Portland, Oregon  97205
Telephone:  (503) 228-7500
Fax:  (503) 243-1188

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **TERESA WELLS**, an individual<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**HANGER PROSTHETICS & ORTHOTICS WEST, INC.**, a California corporation,<br><br>　　　　　　Defendant. | Case No.: 3:14-cv-243<br><br>**COMPLAINT**<br>**(Retaliation – False Claims Act – 31 U.S.C. § 3730, Whistleblower Retaliation – ORS 659A.199, Wrongful Discharge)**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**PRAYER  $917,400.00** |

## I.　JURISDICTION AND VENUE

1.

This is an action for retaliation under the False Claims Act, 31 U.S.C. § 3730(h) ("FCA"), Whistleblower retaliation under Oregon Revised Statutes § 659A.199, and Wrongful Discharge. This court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331, and has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as some of the events giving rise to the claims occurred in Oregon.

///

1 – COMPLAINT

## II. PARTIES

3.

Plaintiff Teresa Wells ("Plaintiff") is a citizen of the United States and a resident of Oregon.

4.

Defendant Hanger Prosthetics & Orthotics West, Inc. ("Defendant") is a California corporation which conducts business nationally, including in Oregon and Washington.

## III. GENERAL ALLEGATIONS

5.

Defendant employed Plaintiff from approximately November, 2006 until November 6, 2013, as an Area Administrative Manager for the Northwest Market.

6.

At all material times, Plaintiff's performance was satisfactory. Plaintiff received numerous awards for her performance, and received a substantial year-end bonus most years. At no time during her employment did Plaintiff receive any warnings or other disciplinary action.

7.

In approximately August, 2012, Defendant acquired Genesis Medical Group, LLC ("Genesis").

8.

After Hanger's acquisition of Genesis, Plaintiff identified numerous fraudulent practices and violations of Medicare rules on the part of Genesis, including charts lacking prescriptions and prescriptions which were falsified in order to obtain Medicare coverage. Plaintiff reported these violations to management and attempted to correct the issues by refusing to allow staff under her supervision to engage in the unlawful practices.

///

///

DOLAN GRIGGS LLP
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
Phone: (503) 228-7500
Fax: (503) 243-1188

9.

Shortly after Plaintiff complained about violations of Medicare rules, Defendant began to transfer the Genesis work and files to Dosteon, a division of Defendant in which Plaintiff had no role or oversight.

10.

Plaintiff also identified violations of Washington state licensure regulations ( Chapter 18.200 RCW and Chapter 246-850 WAC) in the Dosteon division.

11.

From approximately November, 2012 until early January, 2013, Plaintiff was away from work on a medical leave.

12.

Upon returning to work in January, 2013, Plaintiff was told by the Regional Director and the Vice President, Northwest Market that Defendant's Zone Vice President and the President wanted to fire Plaintiff because of complaints from other managers that Plaintiff was interfering with their business practices by demanding compliance with Medicare rules.

13.

After returning from her medical leave, Plaintiff continued to object to unlawful practices and to attempt to correct Defendant's procedures.  At one point, a lunch meeting was held in which the Zone Vice President asked Plaintiff something to the effect of whether she was "having people work too hard."

14.

In approximately September, 2013, Plaintiff discovered a violation of a Medicare "2 Day Rule" at Defendant's clinic in Bellevue, Washington. Plaintiff pointed out the violation to the Clinic Manager.

3 – COMPLAINT

15.

In approximately October, 2013, Plaintiff discovered a violation of a Medicare "2 Day Rule" at Defendant's clinic in Kirkland, Washington. The Kirkland and the Bellevue office were both managed by the same individual. Plaintiff made copies of the chart notes and provided them to the Regional Director.

16.

On or about November 6, 2013, Defendant terminated Plaintiff's employment. Defendant did not provide Plaintiff with a reason for her termination.  When asked why Plaintiff was being terminated, the Zone Vice President told Plaintiff something to the effect of that Defendant was "taking the market in a new direction."

17.

On or about November 13, 2013, Plaintiff received an email from the HR Business Leader – West Zone stating that "[b]ased upon credible information [the HR Business Leader – West Zone had] personally validated, the management team determined that it was no longer productive for Hanger to employ [Plaintiff]."

18.

At the time of her termination, Plaintiff earned approximately $70,000 per year, in addition to a yearly bonus.

19.

After Plaintiff repeatedly raised concerns about unlawful practices and violations of Medicare rules, Defendant terminated Plaintiff's employment. Because of Defendant's unlawful conduct, Plaintiff suffered actual damages and severe emotional distress.

///

///

DOLAN GRIGGS LLP
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
Phone: (503) 228-7500
Fax: (503) 243-1188

20.

There now exists an actual controversy between the parties regarding Defendant's duties under federal and state anti-retaliation laws. Accordingly, Plaintiff is entitled to declaratory relief.

## IV.   CLAIMS

### FIRST CLAIM FOR RELIEF

**(Retaliation Under the False Claims Act – 31 U.S.C. § 3730)**

21.

Plaintiff realleges and incorporates paragraphs 1 through 20.

22.

Plaintiff engaged in protected activity under 31 U.S.C. § 3730(h) when:

(a)   based upon her observations, Plaintiff had a reasonable, good faith belief that Defendant was committing fraud against the government; and

(b)   Plaintiff reported the suspected fraud to management; and

(c)   Plaintiff attempted to correct the suspected fraudulent practices.

23.

Defendant knew that Plaintiff had engaged in protected activity because it received multiple complaints and reports from Plaintiff alleging violations of Medicare rules.

24.

Defendant discriminated against Plaintiff because she engaged in protected activity when it terminated Plaintiff's employment based on her investigations into possible fraudulent practices, her reports to management regarding suspected violations, and her attempts to correct perceived fraud and other violations of Medicare rules.

///

5 – COMPLAINT

25.

As a result of Defendant's retaliatory conduct, Plaintiff suffered economic damages as well as severe emotional distress. Accordingly, Plaintiff is entitled to recover in an amount to be proven at trial the following: back pay at the rate of not less than $5,800 plus bonus per month from the time of termination until trial; front pay in lieu of reinstatement in the amount of ten years of compensation, alleged to be not less than $700,000 plus bonus and increases; two times the amount of back pay awarded; interest on the back pay; and compensation for special damages sustained as a result of the retaliation alleged to be $200,000, including compensation for emotional distress; litigation costs, and reasonable attorney fees, pursuant to 31 U.S.C. § 3730(h)(2).

26.

There now exists an actual controversy between the parties regarding Defendant's duties under the retaliation provisions of the False Claims Act. Accordingly, Plaintiff is entitled to declaratory relief that Defendant's termination of Plaintiff's employment because of her efforts to stop potential Medicare fraud constitutes unlawful retaliation under the False Claims Act.

## SECOND CLAIM FOR RELIEF
### (Whistleblower Retaliation – ORS 659A.199)

27.

Plaintiff realleges and incorporates paragraphs 1 through 20.

28.

Plaintiff engaged in protected activity when she in good faith reported to Defendant what she believed to be a potential violation of federal laws, rules, or regulations.

///

///

6 – COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
Phone: (503) 228-7500
Fax: (503) 243-1188

29.

Because of Plaintiff's good faith reporting of what she believed to be a violation of federal laws, rules, or regulations, Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

30.

As a direct result of Defendant's actions, Plaintiff has suffered and continues to suffer economic damages, and is entitled to recover in an amount to be proven at trial the following: back pay at the rate of not less than $5,800 plus bonus per month from the time of termination until trial; front pay in lieu of reinstatement in the amount of ten years of compensation, alleged to be not less than $700,000 plus bonus and increases; and compensation for loss of job opportunities and loss of other benefits.

31.

As a direct result of Defendant's actions, Plaintiff has suffered and continues to suffer emotional distress and is entitled to recover non-economic damages in an amount to be proven at trial and alleged to be $200,000.

32.

Plaintiff is entitled to her costs, disbursements, and reasonable attorney fees incurred herein, pursuant to ORS § 659A.885(1).

### THIRD CLAIM FOR RELIEF

**(Wrongful Discharge)**

33.

Plaintiff realleges and incorporates paragraphs 1 through 20.

///

///

7 – COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
Phone: (503) 228-7500
Fax: (503) 243-1188

34.

It is the public policy of the State of Oregon to protect employees who report violations of federal, state, or local laws on the part of their employers.

35.

During Plaintiff's employment, Plaintiff reported numerous suspected violations of federal laws to management.

36.

Defendant terminated Plaintiff's employment because she reported suspected violations of federal laws to management.

37.

Plaintiff does not have an existing adequate remedy at law.

38.

As a direct result of Defendant's actions, Plaintiff has suffered economic damages, and is entitled to recover in an amount to be proven at trial the following: back pay at the rate of not less than $5,800 plus bonus per month from the time of termination until trial; front pay in lieu of reinstatement in the amount of ten years of compensation, alleged to be not less than $700,000 plus bonus and increases; and compensation for loss of job opportunities and loss of other benefits.

39.

As a direct result of Defendant's actions, Plaintiff has suffered emotional distress and is entitled to recover non-economic damages in an amount to be proven at trial and alleged to be $200,000.

///

///

8 – COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
Phone: (503) 228-7500
Fax: (503) 243-1188

40.

Plaintiff is entitled to her costs, disbursements, pre- and post-judgment interest.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant and request the Court grant relief as follows:

1. A jury trial to determine the factual questions raised herein;

2. That the Court assume jurisdiction over Plaintiff's claims;

3. That the Court enter an Order that declares that the discriminatory practices of Defendant violate the anti-retaliation provisions of the Federal False Claims Act, 31 U.S.C. § 3730, and the Oregon Whistleblower Retaliation Statute, ORS § 659.199A;

4. On the First Claim for Relief, Plaintiff prays for a declaration that Defendant's termination of Plaintiff's employment because Plaintiff investigated, reported, and attempted to correct perceived fraud against the government on the part of Defendant constitutes unlawful retaliation under the False Claims Act, front pay in lieu of reinstatement, two times the amount of back pay, interest on the back pay, and compensation for special damages to include emotional distress, litigation costs, and attorney fees.

5. On the Second Claim for Relief, Plaintiff prays for a declaration that Defendant's termination of Plaintiff's employment because Plaintiff reported what she perceived to be a violation of federal law constitutes unlawful discrimination under the Oregon Whisteblower Statute,

ORS § 659.199A,  front pay in lieu of reinstatement, back pay, compensation for loss of job opportunities and loss of other benefits, compensation for emotional distress, and costs, disbursements, pre-and post-judgment interest, and attorney fees.

6. On the Third Claim for Relief, Plaintiffs pray for a declaration that because Defendant terminated Plaintiff's employment because Plaintiff engaged in activity protected under Oregon public policy, Defendant's termination of Plaintiff was wrongful, front

DOLAN GRIGGS LLP
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
Phone: (503) 228-7500
Fax: (503) 243-1188

pay in lieu of reinstatement, back pay, compensation for loss of benefits, compensation for emotional distress, and costs, disbursements, pre-and post-judgment interest, and attorney fees.

      7.    All such other relief as the interest of justice requires.

## VII. JURY TRIAL DEMAND

41.

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

WHEREFORE, Ms. Wells prays this Honorable Court for Judgment against UTC in the amount of economic, compensatory damages, punitive damages, attorneys' fees and costs of this action, equitable relief (including reinstatement, promotion, lost benefits and other appropriate affirmative action), injunctive relief and any other relief this Honorable Court deems just and proper to award.

DATED this 12th day of February, 2014.

                    DOLAN GRIGGS LLP

            By:   s/ David H. Griggs
                    David H. Griggs, OSB No. 98243
                    Dolan Griggs LLP
                    1130 S.W. Morrison, Suite 630
                    Portland, Oregon 97205
                    Telephone: 503-228-7500
                    Fax: 503-243-1188
                    E-Mail: dgriggs@dolangriggs.com

10 – COMPLAINT

DOLAN GRIGGS LLP
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
Phone: (503) 228-7500
Fax: (503) 243-1188